UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION


FILED
JUL 14 2005

*****************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 05-30050(02) |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| JASON A. KIMMEL, | * | |
| Defendant. | * | |

*****************************************************************************

Defendant, Jason A. Kimmel (Kimmel) has filed a Motion to Sever and supporting Memorandum, Docket Nos. 15, 16. In his Motion, Kimmel claims that he was improperly joined with the co-Defendant, Robert Kills (Kills), or alternatively, if joinder was proper, that severance must be granted so that his right to a fair trial is not prejudiced. After considering the Motion in light of the records on file, and the totality of the circumstances present, the Court concludes that the Motion should be denied.

I.

The pertinent facts and procedural history can be briefly stated. On or about January 25, 2005, in Todd County, on the Rosebud Reservation, Kimmel and Kills, both Indians, are alleged, as Indians, to have engaged in sexual acts with E.T.H. According to the Indictment, Kills did so at a time and place when E.T.H. was "incapable of appraising the nature of the conduct and was physically incapable of declining participation in and communicating [an] unwillingness to engage in the sexual act." Kimmel, on the other hand, is charged with knowingly attempting to cause or causing E.T.H., a child between the ages of 12 and 16 years

and at least four years younger than himself, to engage in sexual contact, specifically, contact between his penis and E.T.H.'s vulva. The search warrant and discovery materials on file reveal that Kimmel had sex with E.T.H. in Sharon Stead's bedroom and that Kills had sex with her later that night after she had passed out or gone to sleep.

Kimmel and Kills were indicted conjointly on the sexual abuse charges. Kimmel has entered a not guilty plea to his charge and Kills has not yet been arrested.

II.

Fed. R. Crim. P. 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Indeed, "[j]oint trials 'play a vital role in the criminal justice system.'" Id. (quoting Richardson v. Marsh, 481 U.S. 200, 209 (1987)). "They promote efficiency 'and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Zafiro, 506 U.S. at 537 (quoting Richardson, 481 U.S. at 210).

Under Fed. R. Crim. P. 14(a), a court may grant a severance of trial if joinder "appears to prejudice a defendant." To warrant severance, the defendant must show "real prejudice" that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004) (citing United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993); United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir. 1988)). The question of whether a denial of a

2

severance motion results in "clear or real prejudice" turns in large part on whether a jury is able to compartmentalize the evidence against each defendant. United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996); United States v. Blum, 65 F.3d 1436, 1444 (8th Cir. 1995), cert. denied, 516 U.S. 1097 (1996).

In the instant case, the two charges involve the same type of offenses (sexual abuse), allegedly perpetrated on the same person, right after each other on the same day, in the same place with the same people around. There can be little question that Kimmel and Kills participated in the same type of sex acts or series of acts/transactions at Stead's home. Accordingly, joinder was proper under Rule 8(b).

Kimmel claims that a joint trial would prejudice him because it would create spillover and compartmentalization problems. The Court disagrees. This does not appear to be a complex case or one in which a jury is likely to be confused and incapable of "compartmentalizing" the evidence. Mickelson, 378 F.3d at 818 (citing United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003); United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)). The case involves two distinct defendants, both of whom are charged with committing sexual abuse offenses. See United States v. McGuire, 45 F.3d 1177, 1187 (8th Cir.), cert. denied, 515 U.S. 1132 (1995). Any assumed disparity in the evidence where, for example, certain evidence is admissible against Kimmel, but not Kills, does not require severance. See Bordeaux, 84 F.3d at 1547; McGuire, 45 F.3d at 1187. Nor is Kimmel entitled to severance simply because the Government's evidence may be more or less damaging against Kills than him. See United States v. Garcia, 785 F.2d 214, 220 (8th Cir.), cert. denied, 475 U.S. 1143 (1986).

The Court is not convinced that there are any overriding reasons or unique circumstances present to warrant the granting of a separate trial to Kimmel. This, coupled with the Court's belief that a joint trial would not compromise any of Kimmel's rights or result in actual prejudice or have a substantial and injurious effect or influence on the jury's verdict, see Zafiro, 508 U.S. at 539-41; United States v. Lane, 474 U.S. 438, 449 (1986); United States v. Ortiz, 315 F.3d 873, 897-900 (8th Cir. 2002), makes clear that severance is not required.

### III.

Lastly, it should be pointed out that Kimmel does not raise a Bruton issue. Assuming, without conceding, that such an issue does exist or should be examined, the Court finds and concludes that Kills' statements are not so "powerfully incriminating" that a separate trial is required. And, even if Kills' statements are facially incriminating, Kimmel has nonetheless failed to establish that any prejudice he may face, by virtue of the admission of the statements, could not be cured by the giving of a proper limiting instruction and the redaction in such statements to his name and any reference to his existence. See Richardson, 481 U.S. at 211; United States v. Logan, 210 F.3d 820, 821-23 (8th Cir.) (en banc), cert. denied, 531 U.S. 1053 (2000); see also McGuire, 45 F.3d at 1187 ("the Confrontation Clause is not violated by the admission into evidence of a non-testifying co-defendant's admission of a crime so long as a proper limiting instruction is given and the admission does not refer to the defendant"); United States v. Miller, 995 F.2d 865, 866-67 (8th Cir.) (no error in the refusal to sever a co-defendant's trial where redacted version of out of court statement made by co-

defendant was admitted), <u>cert</u>. <u>denied</u>, 512 U.S. 1018 (1993). This being the case, severance is not obligatory under the Confrontation Clause.

IV.

Based on the foregoing, it is hereby

ORDERED that Kimmel's Motion to Sever, Docket No. 15, shall be and is denied.

Dated this 14th day of July, 2005, at Pierre, South Dakota.

**BY THE COURT:**

*[signature]*

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
**BY:** *[signature]*
       **Deputy**
**(SEAL)**